UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TRC COMPANIES INC., | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| WESTON & SAMPSON ENGINEERS, | ) | |
| INC., | ) | |
|      Defendant. | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR A JURY TRIAL

## INTRODUCTION

Since 2010, Defendant Weston & Sampson Engineers, Inc. has deliberately, repeatedly and without authorization copied and passed off as its own the copyrighted work product of plaintiff TRC Companies, Inc. regarding the environmental permitting process for solar farms on former landfill sites.  Defendant intentionally used the purloined copyrighted material to bid for numerous solar projects in Massachusetts between 2010 and 2015, which it was awarded based on the false premise that the text and illustrations set forth in the Defendant's materials were their own work when, unequivocally, they were not.   Defendant then failed to properly investigate the matter when it was brought to their attention by TRC, lied to TRC that this was an "isolated incident," and willingly accepted an award from the Environmental Business Council for a project they were on notice was based on illegally-obtained material.

As a result of WSE's widespread copying of TRC's work product, and passing it off as its own during the competitive bidding process for solar projects in Massachusetts for which TRC was also bidding, TRC sustained and continues to sustain substantial monetary and reputational damage.

## PARTIES

1.      Plaintiff TRC Companies, Inc. is a corporation organized under the laws of Delaware, with a principal place of business located at 21 Griffin Rd North, in Windsor, Connecticut.

2.      Defendant Weston & Sampson Engineers, Inc. is a corporation organized under the laws of the Commonwealth of Massachusetts and having its principal place of business at 5 Centennial Drive, Peabody, Massachusetts.

## JURISDICTION AND VENUE

3.      This is a civil action for damages and injunctive relief brought pursuant to the Copyright Act, 17 U.S.C. section 101, *et seq.;* the Unfair and Deceptive Trade Practices Act, Mass. Gen. Laws ch. 93A sections 1 – 11; and common law.

4.      This Court has subject matter jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. section 1331.  Jurisdiction over Plaintiff's state claims is proper under 28 U.S.C. section 1367(a).   This Court also has subject matter jurisdiction pursuant to 28 U.S.C. section 1332(a)(1).

5.      This Court has personal jurisdiction over Defendant Weston & Sampson because, among other reasons, it is a Massachusetts corporation with its principal place of business located in Peabody, Massachusetts, Defendant's tortious conduct and acts of copyright infringement occurred in Massachusetts, and Defendant regularly conducts and solicits business in Massachusetts.

6.      Venue is proper in the District of Massachusetts under 28 U.S.C. section 1391(b).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.      TRC Companies Inc. ("TRC") is an engineering, environmental consulting and construction management firm that provides integrated services to the energy, environmental,

2

infrastructure, and pipeline markets.  The company has specialized expertise in the environmental permitting process for constructing solar farms on former landfill sites in Massachusetts and elsewhere.

8.      In 2010, TRC secured from the Massachusetts Department of Environmental Protection ("MassDEP") the first-ever Landfill Post Closure Use Permit ("PCUP") for a landfill solar farm, in Greenfield, Massachusetts (the "Greenfield PCUP" or "Greenfield Report").

9.      Because this was the first PCUP application ever approved by the MassDEP for a permit to install a solar farm on a closed landfill, TRC had to develop from scratch the designs, installation specifications, technical approaches, and procedures to safeguard the integrity of the landfill cap.

10.      At the time, no other company had ever successfully applied for and received a permit from MassDEP for a landfill solar farm.

11.      TRC owns the copyright for text and artwork contained in the Greenfield PCUP.

12.      In the 2009-2010 time period when TRC was developing, and winning approval for, the Greenfield PCUP, Weston & Sampson Engineers, Inc. ("WSE") had tried but failed to successfully push a PCUP through MassDEP for a single solar project.

13.      When TRC's Greenfield PCUP became public in 2010, WSE copied substantial amounts of copyrighted text and artwork from the report and began passing it off as their own for numerous solar projects in Massachusetts.

14.      As a result, WSE suddenly usurped TRC's exclusivity in the market – being awarded projects that it had never before won – and reaped unearned benefits to which it was not entitled.

3

## TRC Learns of WSE's Theft

15.     In February 2015, TRC learned for the first time that WSE had coped their text and artwork without their authorization and had passed it off as their own in an effort to win solar projects in Massachusetts.

16.     In early 2015, TRC was working with a potential new partner for solar projects and, as part of their discussions and before TRC had submitted to the company any of their past PCUP reports to illustrate their successes and innovative approach to the permitting process, the partner provided to TRC a sample PCUP report.  According to the partner, the sample report reflected, in their words, a superior project approach.

17.     Immediately upon review, TRC realized that the report that the partner provided to TRC – a WSE report for a solar project in Needham, MA ("Needham Report") – had been copied, almost entirely, from TRC's Greenfield PCUP.  WSE's Needham Report contained an identical table of contents, as well as verbatim copying of entire sentences, paragraphs and sections from TRC's Greenfield PCUP, all of which contained TRC's copyrighted text and artwork.

18.     WSE's report not only infringed TRC's copyright but also falsely represented TRC's innovative and unique project approach and engineering knowledge as WSE's own.

19.     TRC immediately brought the issue to WSE's attention directly and demanded they cease and desist from using TRC's copyrighted material in connection with any project or other commercial endeavor. TRC also requested that WSE investigate the issue to determine how the plagiarism occurred and discover whether it was systemic or an isolated incident.

20.     Upon receipt of TRC's letter, WSE represented to TRC that it had investigated, admitted that it had used TRC's work product without authorization, and had determined that it was an isolated incident undertaken by a single WSE employee for a single project.

4

21.     TRC did not know at the time that WSE's representation was demonstrably false; in fact, WSE's plagiarism of TRC's Greenfield PCUP has been widespread, with WSE being awarded 12 projects between 2010 and 2015 through its use of TRC's copyright-protected materials from the Greenfield PCUP.

22.     In June 2015, TRC finally learned the scope of WSE's actions.  While attending the Massachusetts Environmental Business Council's 25th Anniversary event in the company of 500 industry guests, TRC's Chairman and Chief Executive Officer, as well as the TRC team who was responsible for the Greenfield Report, witnessed WSE receive an award for another solar project that was based upon TRC's protected work product.

23.     Following the event, TRC investigated the issue further and discovered the extent to which WSE had copied TRC's work product without permission and passed it off as its own.

24.     TRC's investigation revealed that, prior to the public release of TRC's July 2010 Greenfield PCUP, WSE had generated its own report in July 2010 (the "Kingston Report") in an attempt to secure a solar farm permit for a landfill in Kingston MA.

25.     WSE's Kingston Report and TRC's successful Greenfield report are not at all similar.

26.     WSE failed to obtain permit approval from MassDEP for its Kingston Report.

27.     After failing to obtain approval for its Kingston Report, and following TRC's release of the Greenfield Report, WSE began its campaign of copying the text and artwork from the Greenfield Report and passing it off as their own.  WSE's first instance of copying was for a report it generated for a Fairhaven project in October 2010 (the "Fairhaven Report").

28.     WSE's Fairhaven Report, which is substantially similar to the Greenfield Report, was the first landfill solar farm project that WSE successfully permitted.

5

## WSE's Blatant Copying of TRC's Text,
## Artwork and Illustrations

29.     WSE used the substance (in almost verbatim text) of the Greenfield Report as the foundation for its Fairhaven Report and for all landfill solar projects for which it bid between October 2010 and 2015.

30.     WSE's copying of the Greenfield Report is so pervasive in form and substance that a side-by-side comparison of the TRC Greenfield report and a plagiarized WSE report would lead to no other conclusion (but for the different company names) than that the same company submitted them.

31.     WSE blatantly copied, without authorization, vast amounts of text, artwork and illustrations depicting TRC's designs, installation specifications, technical approaches, and procedures to safeguard the integrity of the landfill cap.

32.     As part of the bid process for the following 12 projects, WSE submitted reports that were copied, without authorization, from TRC's Greenfield Report:  Barnstable, Brewster, Chatham, Dennis, Duxbury, Eastham, Fairhaven, Harwich, Mashpee, Needham, Tisbury and Wilbraham.

33.     Upon information and belief, TRC and WSE were 2 of only 3 companies that submitted bids for the projects set forth in par. 32 above.

34.     WSE was awarded each of the projects set forth in par. 32 above.

35.     WSE has admitted that it copied TRC's Greenfield Report, without authorization, for each of the projects set forth in par. 32 above.

36.     As a result of Defendant's actions as set forth above, TRC has been damaged and irreparably harmed.

6

37.     Unless enjoined by this Court, Defendant's actions will continue and will result in further irreparable harm to TRC.

## Count I

### Federal Copyright Infringement

38.     TRC repeats and realleges each and every allegation contained in paragraphs 1 – 37 of the Complaint with the same force and effect as if set forth in this Count.

39.     TRC's text and illustrations constitute copyrightable works protected under Title 17 of the United States Code.

40.     TRC is the sole owner of all right, title and interest in and to the copyrights in the text and illustrations contained in the Greenfield PCUP.

41.     Upon information and belief, Defendant had access to the copyrighted works.

42.     Without TRC's permission, Defendant copied copyrighted subject matter of TRC's text and illustrations from the Greenfield PCUP.

43.     By reproducing, displaying, distributing and/or making derivative works of the copyrighted works without TRC's permission, Defendant infringed TRC's exclusive rights under the Copyright Act, 17 U.S.C. sections 106 and 501.

44.     Upon information and belief, Defendant's actions were a knowing, intentional and deliberate violation of TRC's copyrights, and its infringement was committed willfully within the meaning of 17 U.S.C. section 504.

45.     TRC is the owner of United States copyright for TRC's Greenfield PCUP issued on August 15, 2016.  A copy of the Copyright registration issued by the United States Copyright Office for TRC's Greenfield PCUP is attached as Exhibit "A".

46.     TRC has been damaged and will continue to be damaged by Defendant's acts unless Defendant is permanently enjoined by this Court.

47.     TRC is without adequate remedy at law.

## Count II

### Violation of Chapter 93A - Reverse Passing Off

48.     TRC repeats and realleges each and every allegation contained in paragraphs 1 – 47 of the Complaint with the same force and effect as if set forth in this Count.

49.     The parties are engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws. Ch. 93A section 11.  Defendant's acts, conduct and practices as described above occurred and are primarily and substantially occurring within the Commonwealth of Massachusetts.

50.     Defendant's acts within Massachusetts as described in this Complaint constitute unfair or deceptive acts or practices in Massachusetts within the meaning of the Mass. Gen. Laws. Ch. 93A sections 2 and 11.

*51.*     TRC's actions amount to willful, intentional unfair and deceptive acts.

52.     Defendant's violations of Mass. Gen. Laws. Ch. 93A sections 2 and 11 caused TRC substantial damages in Massachusetts in an amount to be determined at trial.

53.     TRC has been damaged and will continue to be damaged by Defendant's acts unless Defendant is permanently enjoined by this Court.

54.     TRC is without adequate remedy at law.

## Count III

### Tortious Interference with Business Relationships and Prospective Advantage

55.     TRC repeats and realleges each and every allegation contained in paragraphs 1 – 54 of the Complaint with the same force and effect as if set forth in this Count.

56.     A business relationship, and an expectancy of a business relationship, existed between TRC and each of the developers identified in par. 32 above.

8

57.     There was a high probability of future economic benefit to TRC as a result of the current and prospective business relationships set forth in par. 32 above.

58.     Defendants had knowledge of and did intentionally and unjustifiably interfere with those business relationships.

59.     Specifically but without limitation, Defendant knew that TRC had successfully permitted a landfill solar farm through its Greenfield PCUP and that TRC was actively pursuing other similar projects in Massachusetts, via relationships with developers, using the same approach as the one set out in the Greenfield PCUP.  Defendant interfered with those relationships when it began its sustained and repeated campaign of infringing on TRC's copyrighted material for its own gain.  Defendant's interference included the willful and knowing copying of TRC's copyrighted work product, without authorization, and passing it off as their own in bid proposals and permitting applications for landfill solar projects in Massachusetts for which TRC also was submitting applications.

60.     Defendant intentionally interfered with TRC's business relationships and prospective advantages through improper means and in violation of the law.

61.     Defendant engaged in the acts of interference set forth herein with a conscious desire to prevent the relationships from occurring or continuing, or Defendant knew that the interference was certain or substantially certain to occur as a result of their conduct.

62.     TRC has been proximately damaged and continues to be damaged as a result of Defendant's interference.

63.     There is no adequate remedy at law to fully compensate TRC for the harm cause by Defendant's interference.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TRC Companies, Inc., respectfully requests that this Court award it relief as follows:

A.  Judgment in favor of Plaintiff and against Defendant on all claims.

B.  An award of damages to Plaintiff, in amounts to be proven at trial;

C.  An award of statutory damages;

D.  An award of multiple damages;

E.  An award of pre-judgment and post-judgment interest on any award of damages at the maximum rate permitted by law;

F.  An award of actual and reasonable attorneys' fees and costs for services incurred in pursuing and prosecuting this action;

G.  An order permanently enjoining Defendant, including its officers, directors, employees, agents, servants, successors and assigns, as well as those in active concert and participation with it, from using TRC's copyrighted material for any commercial purpose, including but not limited to environmental permitting applications for solar farms; and

H.  Such other and further relief as this Court deems just and equitable.

## JURY DEMAND

TRC respectfully requests a trial by jury on all counts so triable.

10

Respectfully submitted,
**TRC Companies, Inc.**
By its attorneys,

/s/ Mary Katherine Geraghty
Mary Katherine Geraghty (BBO # 664645)
mgeraghty@burnslev.com
Michael C. Gilleran (BBO. # 192210)
mgilleran@burnslev.com
Sara Y. Beccia (BBO # 667277)
sbeccia@burnslev.com
Erica Mastrangelo (BBO # 661561)
emastrangelo@burnslev.com
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000

Dated:  October 28, 2016

11